UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD A. SPANGLER,

        Plaintiff,

    v.                                        Case No. 20-C-1690

MICHAEL BERNSTEIN and
KELLY SALINAS,

        Defendants.

## SCREENING ORDER

Plaintiff Edward Spangler, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $25.02. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

Case 1:20-cv-01690-WCG   Filed 12/22/20   Page 2 of 6   Document 9

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was received into Dodge Correctional Institution on August 21, 2020. As soon as he was removed from intake, he began submitting interview request slips to the law library stating that he needed to complete a petition for writ of certiorari. He received several responses indicating that, due to Plaintiff's COVID-19 quarantine, the law library was closed and that Plaintiff needed to provide his deadline to file his petition. After Plaintiff was no longer in quarantine, he was called down to the law library because he needed to review a legal CD. When Plaintiff was reviewing the CD, he informed Michael Bernstein that he had a petition for writ of certiorari in progress and that he needed to get into the law library to ensure he was following the correct procedures. Bernstein told Plaintiff to submit a request slip. Plaintiff then sent several request slips stating he needed to go to the law library. He received responses indicating that the law library was closed and that he needed to provide the deadline to file his petition. Plaintiff did not know what his deadline was, so he did not provide that information to library staff.

Plaintiff alleges he spoke to a "white shirt" about going to the library, and he told Plaintiff to contact Kelly Salinas. Compl. at 3, Dkt. No. 1. Plaintiff claims he informed Salinas that he had a petition for writ of certiorari in progress and that he needed to review paperwork he received from the Attorney General's office. Salinas responded that she could not give legal advice. Plaintiff wrote back to Salinas and stated that he was not asking for legal advice but needed to look up statutes and case law. Plaintiff alleges that Salinas did not respond to his request.

Plaintiff claims he wrote the law library again, but staff responded that Plaintiff was on quarantine. Plaintiff then filed a grievance on the issue. The complaint examiner forwarded the grievance and Plaintiff's documents to the law library. Plaintiff alleges the law library returned Plaintiff's grievance to Plaintiff. Plaintiff asserts that, four days later, Plaintiff was scheduled for

3

Case 1:20-cv-01690-WCG   Filed 12/22/20   Page 3 of 6   Document 9

library time, but on that day, he received a decision and order from the court indicating that his petition was dismissed because he failed to meet a deadline.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Bernstein and Salinas denied him access to the courts when they denied his access to the law library.

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prison is not required to provide prisoners unlimited access to the law library, however. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail," the connection between the alleged denial of access to the law library and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions. *Id.* Plaintiff's allegations that he was not promptly scheduled for library time are insufficient to state a claim. Although Plaintiff references the actions of law library staff generally, Plaintiff's complaint does not allege how the defendants' specific actions prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement or violated his constitutional rights. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted against Bernstein and Salinas.

4

If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **January 22, 2021**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 22, 2021**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $324.98 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 22nd day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge