UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD A. SPANGLER,

        Plaintiff,

        v.                                    Case No. 20-C-1690

MICHAEL BERNSTEIN and
KELLY SALINAS,

        Defendants.

## SCREENING ORDER

Plaintiff Edward Spangler, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On December 22, 2020, the court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave Plaintiff leave to file an amended complaint curing the defects in the original. Plaintiff filed an amended complaint on December 29, 2020, and the court will now screen his amended complaint. The standards for screening a complaint were set forth in the court's earlier screening order and will not be repeated here.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was received into the Dodge Correctional Institution on August 21, 2020, with one legal CD. Between August 21 and September 17, 2020, Plaintiff wrote to the law library explaining that he had a writ of certiorari challenging his revocation sentence in *Spangler v. Hayes*, No. 2020CV580 (Outagamie Cty., Wis.), in progress and needed to get into the law library to ensure he was following the proper procedures. He received several responses from the

library, requesting that he indicate what his deadline was. Plaintiff alleges that he was unaware that he had a deadline.

On September 17, 2020, Michael Bernstein called Plaintiff down to the library to view the contents of his legal CD. After Bernstein discovered that it was a video inside the Jail, he told Plaintiff that he did not need to see anymore and turned it off. Plaintiff spoke to Bernstein about his writ of certiorari, and Bernstein told Plaintiff to submit a request slip and that "we'll get you down here." Dkt. No. 10 at 3. Plaintiff submitted several slips to the library but received no response.

Plaintiff spoke to a "white shirt" about his writ of certiorari, and the officer told Plaintiff to contact Kelly Salinas. *Id.* Plaintiff then wrote to Salinas and explained that he had a writ of certiorari pending and that he needed to get into the law library to look up case law and statutes. Salinas responded that she does not give legal advice. Plaintiff wrote Salinas several more times but did not receive a response. He then received a letter from the Attorney General's office, but he did not understand what it was referring to. Plaintiff wrote a letter to Salinas and the law library stating that there was activity in his case and that he needed to get into the law library.

He filed a grievance with all of his requests a few days later. Plaintiff's grievance was returned to him without his documentation. Plaintiff talked to Sergeant Sommer about the situation, and Sergeant Sommer responded, "Give me 'til [sic] Sunday." *Id.* at 4. Sergeant Sommer talked to an officer, who stated there was nothing he could do. Sergeant Sommer then contacted the law library on October 19, 2020, and the law library staff indicated that Plaintiff was scheduled for library time on October 21 and 22, 2020. After Plaintiff's first session in the law library, he received a letter from the court stating that his case was dismissed for lack of timely service.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Defendants violated his right to access the courts by denying him access to the law library.

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prison is not required to provide prisoners unlimited access to the law library, however. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim for a violation of the right to access the courts, an inmate must allege that unjustified acts or conditions by the defendants hindered his efforts to pursue a non-frivolous legal claim and that actual injury or harm resulted. *Lewis*, 518 U.S. at 351. Denial of access to the courts must be intentional. "[S]imple negligence will not support a claim that an official has denied an individual access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004).

Plaintiff asserts that the fact that he was not allowed to go to the law library caused him to miss the deadline to serve his petition. Based on the allegations in Plaintiff's complaint, it appears Plaintiff did not follow the proper process to request time in the law library. After Plaintiff told Bernstein about his pending writ of certiorari, Bernstein advised Plaintiff to submit a request slip

3

and that "we'll get you down here." Dkt. No. 10 at 3. Although Plaintiff alleges that he submitted multiple requests slips with the law library, his complaint contains no allegations that the request slips indicated that he had any pending deadline that required prompt access to the law library or that either defendant received these requests. And while Plaintiff asserts that he wrote correspondence to Salinas about law library access, he does not allege that he communicated his specific deadlines to her. Indeed, Plaintiff alleges that he was unaware of any court deadline he had. Dkt. No. 10 at 2. Because Plaintiff did not advise Defendants or library staff of his court deadline, it was not unreasonable for Plaintiff to ultimately be scheduled for library time on October 21 and 22, 2020.

Plaintiff's allegations do not suggest that his inability to use the law library caused him to miss the deadline to serve the petition on the respondent. Nothing prohibited Plaintiff from requesting an extension of time in which to serve his petition. Moreover, although Plaintiff's petition for writ of certiorari was dismissed on October 14, 2020, a review of the state court docket reveals that the case was reopened on November 9, 2020, and Plaintiff was granted 23 days to serve the respondent. *See* Outagamie County Circuit Court Case No. 2020CV580, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CV000580&countyNo=44&index=0. Because Plaintiff's complaint contains no allegations that Defendants' specific actions prejudiced a potentially meritorious challenge to Plaintiff's conviction, sentence, or conditions of confinement or violated his constitutional rights, Plaintiff's access to the courts claim will be dismissed for failure to state a claim. This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 29th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.